# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2011

No. 10-10732
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMMANUEL CHUCKWUDI EKWURUKE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-201-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emmanuel Chuckwudi Ekwuruke appeals the 42-month sentence he received after he was convicted of embezzling, abstracting, purloining, or misapplying $485,059.76 from Bank of America, in violation of 18 U.S.C. § 656, and embezzling, stealing, purloining, or converting to his use tax payer remittance checks in excess of $1,000, in violation of § 641.  He argues that his within-Guidelines sentence was substantively unreasonable because there was no actual loss, his offense was unsophisticated, he has no criminal history, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he made a serious effort to pursue his education when criminal charges were pending.

This court reviews a sentence for procedural error and for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A sentence within the guidelines range is presumed reasonable. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Ekwuruke has not rebutted this presumption because he has not shown that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight "to an irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). The Guidelines permit the district court to punish a defendant for intended loss. *See* U.S.S.G. § 2B1.1, comment. (n.3(A)(ii)). Further, Ekwuruke's history and characteristics did not require a sentence lower than the sentence the guidelines provide. *See* 18 U.S.C. § 3553(a); *Rita v. United States*, 551 U.S. 338, 360 (2007). Accordingly, his sentence is AFFIRMED.